## Nute *versus* Bryant.

Where both parties to a replevin suit, claim the property by purchase from the same vendor, his interest is balanced, and he may be received, without a release, to impeach one of the sales.

Replevin for a horse. The defendant filed a brief statement of property in himself. The plaintiff replied property in himself.

One Buck formerly owned the horse. He conveyed it to

the plaintiff, and soon afterwards also conveyed it to Deane. From Deane it passed through an intermediate conveyance to Thompson. The defendant purchased of Thompson, *bona fide*, and for full consideration. To prove the sale to the plaintiff fraudulent, the defendant called Buck as a witness. He was objected to on the ground of interest, and also because it was not competent for him to impeach his own bill of sale. The defendant executed a release from himself to Buck. He also executed a release to Thompson, who was not present, and had no knowledge of it, and lodged it for Thompson in the hands of Mr. Ludden, who had no authority to receive it. The plaintiff renewed his objection, but WELLS, J. presiding, admitted the witness, who testified, that the sale to the plaintiff was without consideration, and was intended to protect the property from attachment, and also that, soon after the sale to Deane, he informed the plaintiff, and that the plaintiff did not object to it. There was also testimony tending to show, that the sale to the plaintiff was for a valuable consideration and without any fraudulent intent.

The plaintiff requested instruction, that the bill of sale to the plaintiff could not be impeached, except by a creditor of Buck. The court instructed, that the defendant might show the sale to the plaintiff to have been without consideration, and intended to defraud then existing creditors, and that such a sale would be void against subsequent purchasers for a valuable consideration. To the question propounded to the jury, " whether the plaintiff consented to the sale from Buck to Deane, they answered affirmatively." The verdict was for the defendant and the plaintiff excepts.

*G. F. Shepley,* for plaintiff.

Buck was not competent to show fraud in the first sale. He sold twice and received pay twice. His interest is not balanced. If his testimony prove the first sale fraudulent, he could not be compelled to pay back to the plaintiff, and thus he would keep both payments. As being conclusive on this point, I cite *Bailey* v. *Foster,* 9 Pick. 139.

The cases in Maine have not decided, that where the wit-

ness has received pay of the first vendee, he can impeach the sale. There has been nothing of that character, except the *dictum* in *Cutler* v. *Copeland*, 18 Maine, 127. The point is now for the first time presented to the court.

The releases were of no effect. That to Thompson was never delivered.

It had taken no effect when the witness was testifying, and could relieve no bias on his mind. An attorney cannot execute a valid release. *A fortiori*, a third person cannot receive one. It was strangely given to the attorney of the releasor, rather than to an attorney or agent of the releasee.

The release to Buck was nugatory. The defendant could in no event have a claim against Buck. If his title failed his remedy was on Thompson only.

*Ludden*, for defendant.

WELLS, J., orally. — It is not necessary to consider the validity of the releases. The case of *Cutter* v. *Copeland*, 18 Maine, 127, shows, that as between Buck and the plaintiff, the sale is valid, and that the plaintiff might recover back. To the losing party in this suit, Buck must be liable. His interest is therefore balanced.

As to the ruling that sales, fraudulent and void as to existing creditors, would be void as to subsequent *bona fide* purchasers, it is not important to examine. The finding of the jury, that the plaintiff consented to the sale to Deane, renders further inquiry on that point unnecessary.

*Exceptions overruled.*